■ LUISA VEGA, Respondent, v. ADOLPH ROTH, INC., Appellant.— Judgment in favor of plaintiff for $5,256.41, unanimously reversed, on the law and on the facts, and a new trial ordered in the interests of justice, without costs. Plaintiff's complaint and bill of particulars allege and the case was tried on the theory that the defendant was negligent in failing to repair the toilet-box chain. If plaintiff slipped and fell because of a wet condition or a broken board, then, since defendant is not charged with negligence in these respects, plaintiff is not entitled to recover by reason thereof and defendant was entitled to have the jury so charged. The charge that the claim of plaintiff is that "she lost her balance", and the omission to charge on the absence of liability in the event the accident resulted from the wet condition or broken board, did not adequately submit to the jury the theory of the defense. (Cf. *Rivera* v. *City of New York*, 11 A D 2d 7.) Since the case must be retried, we find it pertinent to observe that under the evidence adduced the charge should be limited to actual notice because defendant was not in possession of the premises, and the evidence was to the effect that plaintiff's daughter, two weeks before the accident, told the superintendent of the building "in English" that the chain was broken. Concur — Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ.

■ WILSON MORALES, an Infant, by his Guardian ad Litem, EMMA MORALES, et al., Respondents, v. HANNAH STERN et al., Appellants.— Order dated July 30, 1959, denying defendants' motion to strike the complaint by reason of plaintiffs' failure to appear for an examination before trial, unanimously affirmed, without costs. Costs are not awarded because of respondents' failure to follow the rules with respect to moving to vacate the notice of examination before trial. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ MARY E. WENZEL et al., Appellants, v. MELODEE LANE LINGERIE, INC., Respondent.— Order dated May 4, 1960, denying plaintiff's motion to take testimony of Service Window Cleaning Co., Inc., as a hostile witness, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ STEPHANIE S. DE LUCA, Respondent, v. STEPHEN J. DE LUCA Appellant.— Order dated August 24, 1959, denying defendant's motion to renew his motion to open his default, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ RICARDA MAIZONET, Respondent, v. LEE PROPERTIES, INC., et al., Appellants.— Order, denying motion to dismiss complaint for failure to prosecute, dated February 10, 1960, unanimously reversed, on the law and on the facts, and in the exercise of discretion, with $20 costs and disbursements to defendants-appellants, and the motion granted, with $10 costs. Neither the belated filing of the note of issue nor the vague allegations regarding settlement discussions excuses the 28-month delay (*Nigro* v. *City of New York*, 3 A D 2d 987; cf. *Trapani* v. *Samuels*, 3 A D 2d 861). Moreover, no affidavit of merit was submitted in opposition to the motion (*Gallagher* v. *Clafington, Inc.*, 7 A D 2d 627). Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.